T.C. Summary Opinion 2007-211


UNITED STATES TAX COURT


PAUL MARCILLESE SHELTON AND FELICIA LAVERNE GRAHAM, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18901-05S.                    Filed December 17, 2007.


Paul Marcillese Shelton and Felicia Laverne Graham, pro se.

Melinda K. Fisher, for respondent.


COHEN, Judge: This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed. Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case. The trial was conducted by Special Trial Judge Carleton D.
Powell, who died after the case was submitted. The parties have

declined the opportunity for a new trial or for supplementation of the record, and the case has, therefore, been reassigned for opinion and decision. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,230 in petitioners' Federal income tax for 2003. After concessions by respondent, the issues for decision are whether petitioners are entitled to claim a dependency exemption deduction for one child of Paul Marcillese Shelton (petitioner) by a prior marriage to Tanya Clark (Clark) and whether petitioners are entitled to a child tax credit with respect to that child.

## Background

All of the material facts have been stipulated. Petitioners resided in Maryland at the time they filed their petition.

Petitioner was previously married to Clark, with whom he has a daughter. On July 26, 1993, the Circuit Court for Prince George's County, Maryland, issued a consent order awarding sole custody of the child to Clark but permitting petitioner to claim the child as a dependent for personal Federal income tax purposes for as long as petitioner complied with timely payments of child support. The consent order also requires Clark, if requested, to execute any waivers necessary to effect the provision for the

dependency exemption if child support obligations have been met. The consent order mentions the names of petitioner, Clark, and their child, but does not contain any Social Security numbers. It does not mention the years for which any dependency exemption is purportedly waived. The consent order is signed by Clark's and petitioner's respective attorneys and by the judge presiding over their divorce case. It is not signed by Clark or petitioner.

Petitioner was compliant in paying his child support obligations during the year in issue. Although petitioner requested that Clark execute a specific waiver to allow petitioner to claim the child as his dependent, Clark refused to sign a waiver as required by the consent order. Petitioners claimed a dependency exemption deduction and child tax credit with respect to petitioner's child by Clark as well as dependency exemption deductions and child tax credits with respect to petitioners' other three children on their Federal income tax return for 2003. Petitioners did not attach a copy of the consent order to their return. Respondent disallowed their claims with regard to petitioner's child by Clark because petitioners failed to attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to their return. Respondent also disallowed in the notice of deficiency the claimed deductions and credits related to petitioners' other

three children due to lack of substantiation, but respondent has now conceded that petitioners are entitled to a dependency exemption deduction and child tax credit for each of their other three children.

## Discussion

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). A child of a taxpayer is generally a qualified dependent only if the taxpayer provides over half of the child's support during the taxable year. Sec. 152(a). However, section 152(e)(1) limits the dependency exemption where the child's parents live apart, as follows:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
> > (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
> >
> > > (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
> > >
> > > > (I) who are divorced or legally separated under a decree of divorce or separate maintenance,
> > > >
> > > > (ii) who are separated under a written separation agreement, or
> > > >
> > > > (iii) who live apart at all times during the last 6 months of the calendar year, and
> > >
> > > (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

Petitioner is not the custodial parent of his child by Clark. His entitlement to the deduction (and related child tax credit) depends on the applicability of section 152(e)(2), which provides:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
> * * * * * * *
>
> (2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--
>
>> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
>>
>> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.
>
> For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The form prescribed for the waiver described in section 152(e)(2) is Form 8332, which form must be executed by the custodial parent and attached to the Federal income tax return of the noncustodial

parent in order for the noncustodial parent to receive the dependency exemption.  Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

Petitioners did not attach the required waiver form to their 2003 Federal income tax return, and petitioner was not able to obtain a form executed by Clark.  Petitioners argue that the consent order granting the dependency exemption to petitioner is sufficient to substitute for Form 8332 and to permit them to take the deduction and the related child tax credit.  Regulations promulgated with respect to section 152(e) as amended provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra.

Form 8332 requires a taxpayer to provide (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of

the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption. Miller v. Commissioner, supra.

Although the consent order does state the names of petitioner, Clark, and their child, it does not contain any of the other required elements to conform substantially to a waiver under Form 8332. It does not state the years for which the exemption is purportedly released or that the exemption is unequivocally released by the terms of the consent order. It contains neither Clark's signature nor the Social Security numbers of petitioner and Clark.

The release of the dependency exemption in the consent order is also subject to a stipulation that petitioner fulfill his child support obligations before Clark would be obligated to provide a waiver of her right to claim the dependency exemption for Federal income tax purposes. Petitioner complied with his child support obligations throughout 2003, and it appears that he was entitled under the consent order to receive a waiver of Clark's right to claim a dependency exemption for that year upon request. We do not, however, have the jurisdiction to compel Clark's compliance with the consent order. Because the consent order explicitly references Clark's completion of a waiver at

some point in the future, it was not intended by the parties to function as a substitute for the waiver itself and, regardless of intent, is not sufficient to serve that purpose.  See Brissett v. Commissioner, T.C. Memo. 2003-310.

Because the consent order does not meet the requirements of section 152(e)(2) and the applicable regulation, it does not qualify as an effective release of Clark's entitlement to claim the dependency exemption for the child.  Because petitioners are not entitled to claim the child as a dependent for Federal income tax purposes, they do not satisfy the "qualifying child" requirements of the child tax credit under section 24 with respect to the child and are not entitled to the child tax credit claimed with respect to that child for the year in issue.  See sec. 24(c)(1); Smith v. Commissioner, T.C. Memo. 2006-163.

Because of respondent's concession that petitioners may claim dependency exemption deductions and associated child tax credits with respect to petitioners' other three children,

Decision will be entered
under Rule 155.